UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DEC 19 2017

DOCKET NO. 3:15CR251-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CONSENT ORDER FOR |
| v. | ) | THIRD PARTY PETITION |
| | ) | |
| JAMES RONALD HELMS, JR. | ) | |
| | ) | |
| PETITION OF MICHELLE HELMS. | ) | |

THIS MATTER is before the Court by consent of the United States of America, by and through Jill Westmoreland Rose, United States Attorney for the Western District of North Carolina and Petitioner Tanya Michelle Stillwell Helms[1], through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioner have consented to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters between Petitioner and the Government with regard to the following property identified in the Consent Order and Judgment of Forfeiture (Doc. 19): **the real property at 813 Rocky River Road, Monroe, North Carolina** (hereafter, "the Property").

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Although the Property is subject to forfeiture pursuant to 21 U.S.C. § 853 based on its facilitation of the narcotics offenses to which Defendant James Helms pled guilty, Petitioner held title with Defendant to the Property prior to the alleged crimes.

---

[1] As a result of negotiations between the Government and Michelle Helms, Michelle Helms has not filed a Petition herein and, instead, the Government has agreed that, upon approval of the Court, the stipulations set forth herein may satisfy the petition pleading requirements set forth in Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(n).

Page 1 of 4

However, Petitioner also engaged in illegal narcotics activity at the Property, although the parties dispute the scope of that activity by Petitioner and dispute the degree to which Petitioner was aware of the scope of illegal activity of Defendant. In order to settle this dispute and expedite sale of the Property, Petitioner and the Government agree that (1) Petitioner has satisfied 21 U.S.C. § 853(n)(6) as to the portion of the Property to which she is entitled by this Consent Order and (2) upon sale of the Property by the Government, the Government shall pay a portion of the net proceeds to Petitioner as set forth herein.

2. For purposes of this Consent Order, the term "net proceeds" shall include all proceeds remaining after reasonable fees and costs of maintaining the Property, reasonable fees and costs paid to a closing attorney and/or title agent to conduct a sale of the Property, commercially reasonable realtor fees, real estate taxes, and payoffs for loans by financial institutions that are secured by the Property.

3. Upon sale of the Property, the Government shall disburse 30% of the net proceeds to Petitioner. All amounts, other than the 30% of net proceeds disbursed to Petitioner, shall be finally forfeited to the United States. In no event shall Petitioner be entitled to payment in excess of the amount identified herein. The payment to Petitioner shall be in full settlement and satisfaction of all claims by Petitioner to the Property and all claims against the United States resulting from the incidents or circumstances giving rise to this case.

4. Petitioner consents to final forfeiture of the Property and agrees to execute documents necessary to effectuate a sale by the United States Marshals Service and/or any entity under contract by the Marshals Service.

5. Petitioner understands and agrees that the United States reserves the right to terminate the forfeiture action at any time. Petitioner and the Government agree to execute further documents to convey clear title to the Property to implement this Consent Order, to the extent such action is necessary.

6. The Government and Petitioner waive any rights to further litigate between each other in this forfeiture action to the Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims between Petitioner and the Government in this action to the Property and all claims between Petitioner and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Property.

7. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

8. Petitioner agrees to, at the request of the Government, vacate the Property and remove her personal property from the Property. The Government agrees that in no event shall the Government request that Petitioner vacate the Property on or before December 1, 2017.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the stipulations of the parties herein that Petitioner satisfies one or more prongs of 21 U.S.C. § 853(n)(6), the Government is hereby ordered to distribute net proceeds of sale of the Property as set forth herein. In no event shall the Government be obliged to pay Petitioner an amount in excess of 30% of the net sale proceeds.

2. The Government and Petitioner shall bear their own costs, including attorneys' fees.

Signed this 6Th day of Dec, 2017.

ROBERT J. CONRAD
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

_____  Dated: 11/21/17
Benjamin Bain-Creed
Assistant United States Attorney

_____  Dated: 11/20/17
Tanya Michelle Stillwell Helms
Petitioner

_____  Dated: 11/21/17
Ronnie D. Crisco, Jr., Esq.
Attorney for Petitioner